UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

### NOTICE TO COUNSEL AND THE PARTIES

This notice is being sent to any litigant or attorney that has a case pending before the undersigned or has ever been subject to a substantive ruling from the undersigned and is in any way related to the lawsuit captioned *Jane Simon and Philip Simon v. Aventis Pastuer, et al.* filed in Porter County, Indiana Superior Court under the cause number 64D04-0305-CT-3744.[1]  The purpose of this notice is to fully disclose to all parties and their counsel the factual circumstances surrounding this lawsuit so that they may use this information in whatever way they may deem appropriate.

In the Spring of 2002, prior to my being appointed a United States District Judge,[2] my wife and I consulted with the law firm of Waters & Kraus LLP, of Dallas, Texas, regarding a potential cause of action against the manufacturers of Thimerosal.  Waters & Kraus is one of the law firms that is coordinating lawsuits against the manufacturers of Thimerosal which is a mercury based

---

[1] The lawsuit named the following defendants: Aventis Pasteur f/k/a Connaught Laboratories; Wyeth, dba Wyeth, Inc., Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle Laboratories, and f/k/a American Home Products; Merck & Co., Inc., GlaxoSmithKline f/k/a SmithKlineBeecham; 100 John Doe Defendants who manufactured vaccines; Eli Lilly Company; Sigma-Aldrich Corporation, as successor-in-interest to Sigma-Aldrich, Inc.,; American International Chemical, Inc.; Spectrum Laboratory Products, Inc.; GDL International, Inc.; EMD Chemicals, Inc.; f/k/a EM Industries, Inc.; and 100 John Doe Defendants who manufactured Thimerosal.  The following law firms have entered appearances or been involved in the lawsuit: Bingham McHale LLP;  Locke Reynolds LLP; Shumaker Loop & Kendrick;  Ice Miller;  Orrick, Herrington & Sutcliffe LLP; Plews Shadley Racher & Braun; Swift Currie McGhee & Hiers; Venable, Baetjer & Howard LLP; Lewis & Wagner; McCauley, MacDonald, Devin & Huddleston; Post & Shell PC;  Bayuk & Associates; Cooper & Scully, PC; Stewart & Irwin, PC.

[2] I took the oath of office and officially assumed my position as a United States District Judge on March 31, 2003.

preservative that was used in the mid to late 1990s in vaccines.  My son is autistic and received Thimerosal in 1997 and 1998 when he was vaccinated.   There is some literature to suggest a link between the increasing rates of autism among children and the use of mercury based vaccines and we desired to obtain more information to fully understand the issue.

   Sometime in November 2002, I was advised by Waters & Kraus that they were referring my potential claim, to the extent I wished to pursue it, to the law firm of Bingham McHale LLP of Indianapolis.  I received no acknowledgment from Bingham McHale that they had received the matter and were moving forward with it.   Thereafter, unbeknownst to me, on April 30, 2003, a lawsuit was filed by Bingham McHale against a number of large pharmaceutical companies naming me and my wife as plaintiffs.  My wife and I were never consulted before the filing of the lawsuit and we neither approved nor consented to the case being filed.

On March 18, 2004, I received a letter in the mail from Bingham McHale.  With this letter, Bingham McHale enclosed a copy of the complaint that had been filed in the Porter County, Indiana Superior Court ten months earlier and various other pleadings that had been filed more recently in the case.  This letter from Bingham McHale dated March 16, 2004, was the first time that my wife and I were informed that any lawsuit had been filed on our behalf.

On March 19, 2004, the day after receiving the letter, I called Bingham McHale.  During this conversation, I informed Bingham McHale that I had never been advised either in writing or orally that a lawsuit had been filed naming me as a plaintiff.  Bingham McHale then confirmed that the case was filed without my knowledge or consent.  I then instructed Bingham McHale to dismiss the lawsuit immediately, and they agreed to do so.  The lawsuit filed on behalf of me and my wife, but

2

without our knowledge, is now dismissed.[3]

As stated at the outset, this Notice is being sent to any litigant or attorney that has ever had a case pending before the undersigned and who was in any way involved in the lawsuit captioned *Jane Simon and Philip Simon v. Aventis Pastuer, et al.*  The purpose of this Notice is to fully disclose the factual circumstances that led to the filing of the above described lawsuit and to enable the parties and their attorneys to use this information in whatever way they may deem appropriate.

The Clerk is hereby directed to enter this Notice in each of the following cases:

| Case Number | Caption |
|---|---|
| 1:01-CV-00286 | Kratochvil v. The Alphabet Group |
| 1:01-CV-00335 | Shock, et al. v. Glass Molders, et al. |
| 1:01-CV-00352 | Cohen, et al. v. Orthalliance New Image, Inc., et al. |
| 1:02-CV-00085 | Stroup v. Indiana Bureau of Motor Vehicles, et al. |
| 2:00-CV-00266 | Amoco Pipeline Co. v. Transmontaigne Inc., et al. |
| 2:00-CV-00768 | Allen v. LTV Steel Co. Inc., et al. |
| 2:01-CV-00379 | Clark v. TGI Fridays, et al. |
| 2:01-CV-00419 | Black Agents, et al. v. Near North Ins., et al. |
| 2:01-CV-00516 | Orthodontic Affil., et al. v. Orthalliance Inc., et al. |
| 2:01-CV-00600 | Carney v. Trump Indiana Inc. |
| 2:01-CV-00608 | Wood v. Trump Hotel & Casino, et al. |
| 2:01-CV-00653 | Martinez v. Int'l Mill Service, et al. |
| 2:02-CV-00127 | Nat'l Roofing IN Pen. v. WR Kelso Co., Inc., et al. |
| 2:02-CV-00167 | Knotts v. Lake Station Community Schools, et al. |
| 2:02-CV-00260 | Mudra, et al. v. School City Hammond, et al. |
| 2:02-CV-00285 | Waldier v. Feralloy Processing, et al. |
| 2:02-CV-00294 | Schmitt v. Portage Township School Corp. |
| 2:02-CV-00319 | Lahrman, et al. v. Orthalliance Inc. |
| 2:02-CV-00321 | Ilgin v. Alverno Clinical Lab. |
| 2:02-CV-00515 | IN Reg. Coun. Carp., et al. v. WR Kelso Co., et al. |
| 2:03-CV-00059 | Recycling Sciences v. Asphalt Drum Mixers, et al. |

---

[3] The dismissal order was issued by the Marion County Superior Court under the cause number of 49D12-0403-CT-000659 because venue for the lawsuit had been transferred from Porter County to Marion County.

| | |
|---|---|
| 2:03-CV-00060 | BCC Equip. Leasing v. CSU Transport Inc. |
| 2:03-CV-00137 | Watt v. State Farm Mutual Ins. Co. |
| 2:03-CV-00297 | Crowther v. Strack &Van Til |
| 2:03-CV-00316 | Reyes v. Foseco Inc., et al. |
| 2:03-CV-00317 | Loveall v. AW Chesterton Co., et al. |
| 2:03-CV-00338 | Herrera v. AW Chesterton Inc., et al. |
| 2:03-CV-00387 | Smedley v. United States Gypsum |
| 2:03-CV-00449 | Bennett v. NCO Financial System |
| 2:03-CV-00460 | Hartford Underwriter v. Congress, et al. |
| 2:03-CV-00495 | Gross v. AW Chesterton, et al. |
| 2:04-CV-00009 | Widmar v. Merck & Co., Inc. |
| 2:04-CV-00033 | Parker v. Horseshoe Hammond Inc. |
| 2:04-CV-00063 | Anthonsen v. Allosource Inc., et al. |
| 2:04-CV-00089 | Wolf Lake, et al. v. Mutual Marine Ins. Co., et al. |
| 2:98-CV-00097 | Everybody Counts, et al. v. NIRPC, et al. |
| 3:01-CV-00895 | Biomet, Inc. v. Tact Medical Instruments |
| 3:02-CV-00190 | Braun Corporation v. Hydraulic Technologies |
| 3:02-CV-00224 | 1st Source Bank v. Royal Bank of Canada |
| 3:02-CV-00295 | Kirby v. Wal-Mart Stores Inc, et al. |
| 3:02-CV-00800 | Rincon, et al. v. Entech Inc. |
| 3:03-CV-00210 | Speicher, et al. v. General Motors Corp. |
| 3:03-CV-00223 | Estate of Ash, et al. v. SmithKline Beecham Pharm. |
| 3:03-CV-00271 | Klimes v. Trelleborg YSH Inc. |
| 3:03-CV-00273 | WEMA v. Glase |
| 3:03-CV-00312 | Stanford v. Extendicare Facilities, et al. |
| 3:03-CV-00332 | American Emp. Ins. Co. v. Niblock Excavating, et al. |

ENTERED: March 30, 2004

S/ Philip P. Simon
Philip P. Simon, Judge
United States District Court